IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN KTARI WEST,** | § | |
| **#21023617,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:22-CV-952-B-BK** |
| | § | |
| **TRACY HOLMES,** | § | |
| **DEFENDANT.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Kevin Ktari West's motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.[1]

**I. BACKGROUND**

On April 28, 2022, West, a Dallas County Jail inmate, filed a *prisoner civil rights* complaint against Judge Tracy Holmes. Doc. 3. In his amended complaint, the operative complaint, West states that Judge Holmes denied him credit for time served from January 6 to

---

[1] Because West seeks, in part, mandamus relief stemming from state habeas proceedings, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of § 1915(b)).

September 9, 2020, while he was a Dallas County Jail detainee awaiting transfer to the Texas Department of Criminal Justice. Doc. 8 at 4. He requests "to have [his] time credited." *Id.*

Contemporaneously with his original complaint, West filed a habeas corpus petition under 28 U.S.C. § 2254 requesting the same relief. West, however, failed to exhaust his administrative remedies under Tex. Gov't Code § 501.0081 and, thus, his federal petition was dismissed without prejudice. *West v. Holmes*, No. 3:22-CV-953-C-BN, 2022 WL 1750054, at *1 (N.D. Tex. May 2, 2022), *R. & R. adopted*, 2022 WL 1747856 (N.D. Tex. May 31, 2022) (specifying West sought the aforesaid time credit toward his three-year sentence in *State v. West*, Nos. F19-40152, -40171, -40289, -42140 (363d Jud. Dist. Ct., Dallas Cnty., Tex., Jan. 6, 2020)).[2]

Upon review of the complaint *sub judice*, West fails to present a cognizable claim and, insofar as he seeks mandamus relief, his request has no legal basis. As such, this action should be dismissed as frivolous.

**II. ANALYSIS**

Because West is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See also* 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at

---

[2] West's state habeas applications remain pending before the Texas Court of Criminal Appeals. *Ex parte West*, Nos. WR-93,790-01, -02, -03, -04. *See* Docket sheets available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed June 6, 2022).

327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, West's suit is not cognizable under § 1983 and, thus, is frivolous.

### A.  Habeas Claims are not Cognizable under § 1983

West's request for time credit is in essence an appeal for earlier or speedier release from confinement and, as such, is not cognizable under § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))); *see also McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 and n.5 (5th Cir. 1995) (per curiam) (collecting cases) (finding courts should construe claims challenging requests for release and denial of street-time credits following parole revocation as seeking habeas relief).

### B.  Construed Mandamus Request Has no Merit

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).  Here, to the extent West seeks mandamus relief, the Court plainly lacks the authority to compel Judge Holmes, the trial judge in Cause Nos. F19-40152, -40171, -40289, -42140, to award credit for time served.  Accordingly, West's request for mandamus relief lacks merit and should be

dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (dismissing mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein West's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims for the relief he seeks in this § 1983 action. Granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on July 19, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).